Luis L. Lozada (pro hac vice)*
Deylin O. Thrift-Viveros (pro hac vice)*
Leticia M. Saucedo (pro hac vice)*
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: llozada@maldef.org
       dthrift-viveros@maldef.org
       lsaucedo@maldef.org

Kathia Quiros (NV Bar No. 8874)
GWP IMMIGRATION LAW
8942 Spanish Ridge Ave., Ste. 1
Las Vegas, NV 89148
Website: www.gwp.law
Telephone: (702) 737-7717
Email: kq@gwp.law

*Attorneys for Plaintiff and the Proposed Classes*

**Applications for pro hac vice forthcoming*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORGE HERNANDEZ CASTRO, an individual, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>ONE NEVADA CREDIT UNION,<br><br>                                    Defendant. | Case No.:  2:22-cv-01563<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

Plaintiff Jorge Hernandez Castro ("Plaintiff" or "Hernandez"), individually and on behalf of all others similarly situated, by his attorneys brings the following allegations, based upon information and belief, against Defendant One Nevada Credit Union ("Defendant" or "One Nevada"):

## INTRODUCTION

1. Defendant One Nevada follows a policy of denying full access to credit products and membership to applicants who are not United States citizens or lawful permanent residents.

2. Plaintiff and members of the Classes he seeks to represent were and are unable to access Defendant's credit products and were and are unable to obtain membership without unequal conditions imposed upon them based on their alienage. Plaintiff brings this case against One Nevada for unlawful discrimination based on alienage in violation of 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331, 28 U.S.C § 1343(a)(3) and (4), and 28 U.S.C. § 1357.

4. This court has jurisdiction under 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgments Act, and Federal Rules of Civil Procedure 57 to grant the declaratory and injunctive relief requested by Plaintiffs.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2) because One Nevada is headquartered in Nevada and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

6. Plaintiff Jorge Hernandez Castro is a resident of Las Vegas, Nevada and has been a DACA recipient since 2012. As a DACA recipient, Plaintiff Hernandez is authorized to work in the United States and has a Social Security Number. Plaintiff Hernandez resided in Las Vegas

on the date that he applied for membership with Defendant and on the date that he applied for an auto loan with Defendant and was unlawfully denied.

7. Plaintiff and members of the Classes he seeks to represent were subjected to the violations described in this Complaint.

**Defendant**

8. Defendant One Nevada is a member-owned credit union that serves Nevada.

9. One Nevada is headquartered in Las Vegas, Nevada and maintains twelve locations in Clark, Nye, and Washoe counties.

10. Membership is available to those who live, work, worship, or attend school in Clark, Nye, or Washoe counties. Other individuals can apply for membership, banking services, and products if they are an immediate family member of a current member at the credit union.

11. One Nevada offers consumers a range of financial and credit products, including savings and checking accounts, personal loans, auto loans, home equity loans, and investments.

## STATEMENT OF FACTS

12. This action is brought on behalf of Plaintiff and members of the proposed Plaintiff Classes. These classes seek damages, declaratory and injunctive relief.

**Plaintiff Hernandez**

13. Plaintiff Hernandez is a recipient of DACA, and has been since 2012. Since that time, he has continuously possessed an employment authorization card and a Social Security Number. Plaintiff Hernandez has worked as a senior architectural designer at an architectural firm in Las Vegas, as well as an instructor at the University of Nevada, Las Vegas.

14. On or around July 15, 2022, Plaintiff Hernandez applied for a $35,000 auto loan at a One Nevada branch location. The representative told Plaintiff Hernandez that he must be a resident of Nevada to become a member of the credit union.

15. As part of the application and membership process, Plaintiff Hernandez submitted his Nevada driver's license for identification purposes and informed the representative that he had a work permit. At the time of his application, he had a FICO score of 778.

1          16.     On or around July 15, 2022, Plaintiff Hernandez was denied an auto loan and
2   membership to the credit union.  He was given the application number 524356.
3          17.     According to an Experian credit report, following the denial, his FICO score
4   dropped to 758.  The credit report also shows that, since 2020, Plaintiff Hernandez has had four
5   credit inquiries, including the inquiry conducted by One Nevada.
6          18.     A few days later, One Nevada sent Plaintiff Hernandez a "Statement of Credit
7   Denial, Termination or Change."  Under "the principal reason(s) for the above credit decision(s)"
8   the "other" box is marked as "We do not grant credit to any applicant on the terms and
9   conditions you requested."
10         19.     The reverse-side of the statement shows that two other boxes are marked,
11  indicating that Plaintiff Hernandez was denied because of his credit score and number of credit
12  inquiries.
13         20.     On or around July 25, 2022, Plaintiff Hernandez emailed Briana Jackson, a
14  representative at the credit union with whom he had previously been communicating about his
15  application, to confirm whether he was denied because of his "citizenship eligibility."
16         21.     On or around July 26, 2022, Jackson emailed him that the credit union was
17  "unable to go forward with your application because you stated that your social security card
18  says 'For Work Purposes Only.'  Unfortunately, due to the Credit Union's policy, we cannot
19  fund loans to members that do not have a valid security card."  Under the membership agreement
20  posted on One Nevada's website, One Nevada provides memberships only to those who "have a
21  valid Social Security Number (SSN) or Tax Identification Number (TIN)."
22         22.     Plaintiff Hernandez suffered harm as a result of One Nevada's denial of
23  membership and of his loan application because of his alienage.  One Nevada's denial of his
24  application caused Plaintiff Hernandez to suffer damages, including compensatory damages,
25  emotional distress, and negative effects on his credit score.
26         23.     One Nevada's denial of his application caused Plaintiff Hernandez to feel the
27  deleterious effects of discrimination.
28
- 3 -
CLASS ACTION COMPLAINT

**One Nevada's Policies Are Unlawful and Harmed Plaintiffs**

24. One Nevada's denial of credit services and membership because of its limited and arbitrary alienage requirement is a violation of 42 U.S.C. § 1981.

25. There is an actual and substantial controversy between Plaintiff and One Nevada.

## CLASS ACTION ALLEGATIONS

26. Plaintiff incorporates by reference the allegations raised in all preceding paragraphs.

27. Plaintiff brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure.

28. Plaintiff seeks to represent the following Credit Denial Class, composed of, and defined as follows:

> Persons with Social Security Numbers who attempted to apply for a loan or credit product from One Nevada but were denied full and equal consideration by One Nevada based on their alienage.

29. Plaintiff also seeks to represent the following Membership Class, composed of, and defined as follows:

> Persons with Social Security Numbers who attempted to apply for membership from One Nevada but were denied full and equal consideration by One Nevada based on their alienage.

30. Plaintiff may amend the above class definitions as permitted or required by this Court. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

31. The potential members of the Credit Denial Class and Membership Class as defined are so numerous that joinder is impracticable.

32. On information and belief, Defendant's records will provide information as to the number and location of the Credit Denial Class and Membership Class, which will allow the classes to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

33. There are questions of law and fact common to the Classes predominating over any questions affecting only Plaintiff or any other individual Class Members.

34. These common questions of law and fact include, without limitation:

a. Whether it is One Nevada's policy to reject applicants for credit products and membership because they are not U.S. citizens or lawful permanent residents.

b. Whether One Nevada violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and members of the Credit Denial Class based on alienage.

c. Whether One Nevada violated 42 U.S.C. § 1981 by denying membership to Plaintiff and members of the Membership Class based on alienage.

d. Whether Plaintiff and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

e. Whether Plaintiff and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

35. The claims of the named Plaintiff are typical of the claims of the Classes. Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of federal law, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

36. Plaintiff will fairly and adequately represent and protect the interests of the Class Members in each class.

37. Plaintiff has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

38. Class certification is appropriate because One Nevada has acted and/or refused to act on grounds generally applicable to the Credit Denial Class and to the Membership Class. One Nevada's actions make declaratory, equitable, and injunctive relief appropriate with respect to Plaintiff and the Class Members in each class as a whole.

39. One Nevada excludes Class Members in the Credit Denial Class and in the Membership Class outright from banking products and services and membership based on alienage. The Class Members of the Credit Denial Class and the Membership Class are entitled to declaratory, equitable, and injunctive relief to end One Nevada's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the proposed Classes has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating based on immigration status and denying full and equal access to Defendant's services.

41. No other litigation concerning this controversy has been commenced by Class Members.

42. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that Class Members have any interest in individually controlling separate actions in this case. The Class Members have been damaged and are entitled to recovery of other damages because of One Nevada's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiff and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable membership and banking policies and practices in the relevant period.

43. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

**CLAIM FOR RELIEF**
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

44. Plaintiff incorporates by reference the allegations raised in all preceding paragraphs.

45. Plaintiff brings this claim on his own behalf and on behalf of the Credit Denial Class and the Membership Class.

46. Plaintiff and Class Members are persons within the jurisdiction of the United States.

47. Plaintiff and Class Members are non-citizens.

48. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

49. Defendant conducts business in the United States and, as such, is obligated to comply with the provisions of 42 U.S.C. § 1981.

50. Defendant intentionally discriminated against Plaintiff and Class Members based on their alienage by denying them the opportunity to become members of the credit union and acquire the credit union's financial services.

51. Defendant intentionally discriminated against Plaintiff and Class Members based on their alienage by interfering with their right to make and enforce contracts for credit products.

52. Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its membership and banking policies and practices to prevent further violations on the basis of alienage.

53. Plaintiff and Class Members are now suffering, and will continue to suffer, irreparable injury from One Nevada's discriminatory acts and omissions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Classes he seeks to represent pray for relief as follows:

i. Certification of the case as a class action on behalf of the proposed Class Members in the Credit Denial Class and the Membership Class;

ii. Designation of Plaintiff as class representative on behalf of the Credit Denial Class and the Membership Class;

iii. Designation of Plaintiff's counsel of record as Class Counsel;

iv. That this Court issue a declaratory judgment that Defendant's policies and practices complained of are unlawful and violate 42 U.S.C. § 1981;

v. A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth;

vi. That this Court award statutory and compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;

vii. That this court award to Plaintiff and Class Members reasonable attorneys' fees and costs to the extent allowable by law; and

viii. For such other and further relief as the Court deems just and proper.

Dated: September 16, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

/s/ Luis L. Lozada

Luis L. Lozada
Deylin O. Thrift-Viveros
Leticia M. Saucedo
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

Kathia Quiros
GWP IMMIGRATION LAW

*Attorneys for Plaintiff and the Proposed Classes*