# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JORGE HERNANDEZ CASTRO, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE NEVADA CREDIT UNION,<br><br>Defendant. | Case No.: 2:22-cv-01563-GMN-BNW<br><br>Hon. Gloria M. Navarro<br><br>**ORDER GRANTING PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY SETTLEMENT APPROVAL** |

On February 6, 2025, Plaintiff filed Plaintiff's Notice of Motion and Unopposed Motion for Preliminary Settlement Approval under Federal Rule of Civil Procedure 23 (the "Preliminary Approval Motion").

The Preliminary Approval Motion requests the Court enter an order approving the settlement of this action, in accordance with the Settlement Agreement and Release entered between the Parties (the "Settlement Agreement"), which, together with the attached exhibits, sets forth the terms and conditions for a proposed class settlement of the action and for dismissal of the action with prejudice upon the terms and conditions set forth here.

The Court, having considered the Preliminary Approval Motion and finding good cause therefor, hereby GRANTS the Preliminary Approval Motion and ORDERS as follow

1. **Preliminary Approval**. The Court preliminarily approves the Settlement Agreement and the settlement set forth as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing. The Court finds on a preliminary basis that the settlement as set forth in the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

2. **Settlement Classes**. The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the action), the following class, as defined in the Settlement Agreement (the "Settlement Class"):

> The 38 individuals who, according to Defendant's records: (i) applied for a financial product from January 1, 2020 through the date on which the Court grants preliminary approval; (ii) were residing in any state in the United States at the time they applied; and (iii) were denied full and equal consideration for such financial product solely because of their immigration or citizenship status at the time they applied.

3. **Designation of Class Representative**. The Court provisionally appoints Jorge Hernandez Castro as the class representative of the Settlement Class ("Class Representative"). The Court provisionally finds that the Class Representative has claims typical of and is an adequate representative of the members of the Settlement Class he proposes to represent.

4. **Designation of Class Counsel**. The Court provisionally appoints Luis Lozada and Eduardo Casas of the Mexican American Legal Defense and Educational Fund as Class Counsel. The Court provisionally finds that Class Counsel are capable of fairly and adequately representing the Settlement Class.

5. **Certification for Settlement Purposes Only**. The Court provisionally finds, and for settlement purposes only, that class certification under Fed. R. Civ. P. 23(a) and (b)(3) is appropriate in that, in the settlement context: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to each Class Member which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of each Class Member; (d) the Class Representative will fairly and adequately represent and protect the interests of the

Class Members because his interests are co-extensive with those of the Class Members, and he has retained experienced counsel to represent her and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. This certification of a Settlement Class shall not constitute, nor be construed as, an admission on the part of Defendant Kinecta Federal Credit Union that any other proposed or certified class action is appropriate for class treatment under the Federal Rules of Civil Procedure or any similar statute, rule, or common law. The entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action, should the settlement not be approved or not be implemented for any reason, or to terminate the Agreement, as provided in the Agreement.

6. **Settlement Administrator**. The Court appoints RG2 Claims Administration LLC to be the Settlement Administrator under the terms of the Settlement Agreement. The Settlement Administrator shall execute those duties as set forth in the Settlement Agreement and this Order.

7. **Notice**. The Court approves the form and substance of the short form Notice and Long Form Notice (together, the "Notice"). The Court finds that the form, content, and mailing of the Notice set forth in the Settlement Agreement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled here, and complies with the requirements of the Constitution of the United States, and all other applicable laws. The Notice shall be sent to Class Members in the manner set forth in the Settlement Agreement.

8. **Notice and Other Settlement Administration Costs**. All costs incurred by the Settlement Administrator in connection with providing notice to the Class Members and administering the settlement shall be paid by Defendant in accordance with the terms set forth in the Agreement.

9. **Objections and Opt-Outs**. The Court approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Settlement Classes, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

For the purposes stated and defined in the Agreement, the Court sets the following dates and deadlines:

| **Preliminary Approval Hearing** | |
|---|---|
| Preliminary Approval Order* | |
| Deadline for the Settlement Administrator to mail notice and for Settlement Website to go live | [30 days after Preliminary Approval Order] |
| Bar Date to Opt Out or Object | [75 days after Preliminary Approval Order] |
| Deadline to file Motion for Final Approval and Motion for Award of Fees, Costs, and Service Award | [90 days after Preliminary Approval Order] |
| **Final Approval Hearing** | May 28, 2025 at 9 AM. |
| Final Approval Order | |
| Deadline for Defendant to transfer the Settlement Fund, amount awarded to Class Counsel for attorneys' fees and costs, any service award authorized by the Court, and fees and costs payable to the Settlement Administrator | [10 days after Final Approval Order] |
| Effective Date (assuming no appeals) | [30 days after Final Approval Order] |
| Settlement Administrator to pay amount awarded to Class Counsel for attorneys' fees and costs, any service award authorized by the Court, and Individual Settlement Payments | [40 days after Final Approval Order] |

10. **Termination of Settlement**. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with it shall terminate without prejudice to the status quo ante and rights of the Parties as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

11. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant.

12. **Stay of Proceedings**. All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

13. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case

**IT IS SO ORDERED.**

Dated: February 11, 2025

_____
HON. GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4