Luis L. Lozada (Cal. Bar No. 344257)
Eduardo Casas (Cal. Bar No. 346859)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: llozada@maldef.org
        ecasas@maldef.org

Kathia Quiros (NV Bar No. 8874)
GWP IMMIGRATION LAW
8942 Spanish Ridge Ave., Ste. 1
Las Vegas, NV 89148
Website: www.gwp.law
Telephone: (702) 737-7717
Email: kq@gwp.law

*Attorneys for Plaintiff
and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JORGE HERNANDEZ CASTRO, an individual, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br><br>ONE NEVADA CREDIT UNION,<br><br>                  Defendant. | Case No: 2:22-cv-01563-GMN-BNW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Hon. Gloria M. Navarro<br>Hearing Date: May 28, 2025<br>Hearing Time: 9:00 A.M.<br>Location: Las Vegas |

1

## NOTICE OF UNOPPOSED MOTION

2

PLEASE TAKE NOTICE that on May 28, 2025, at 9:00 a.m., or as soon

3 thereafter as the matter may be heard, in the above-named Court, located at 333

4 Las Vegas Blvd South, Las Vegas, Nevada 89101, the Honorable Gloria M.

5 Navarro presiding, Plaintiff Jorge Hernandez Castro, individually and as class

6 representative, respectfully moves this Court for an order: (1) granting, under Rule

7 23(e) of the Federal Rules of Civil Procedure, final approval of the Parties'

8 proposed class-action settlement (the "Settlement"), and entry of judgment in

9 accordance with the Settlement; and (2) granting, under Rule 23(a) and 23(b)(3),

10 final class certification of the Settlement Class preliminarily certified in the Court's

11 February 11, 2025 Preliminary Approval Order.  ECF 50.

12

Plaintiff makes this motion on the grounds that the Settlement is fair,

13 adequate, and reasonable; was achieved through good faith, arms-length

14 negotiations; and has drawn a highly favorable response from the Class, as

15 described in the attached memorandum.  The Settlement Agreement provides three

16 important forms of relief for Class Members: (1) corrective action so that One

17 Nevada will no longer deny applications for financial products solely on an

18 applicant's provision of a "For Work Only" social security number; (2) a

19 Settlement Fund of $76,000 to compensate Class Members; and (3) a commitment

20

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**      Case No: 2:22-cv-01563-GMN-BNW

1  by One Nevada to come into compliance with all credit-union-related requirements

2  under Nevada law.

3       This Motion is noticed to be heard with Plaintiff's Unopposed Motion for

4  Approval of Attorneys' Fees, Costs, and Service Award.  ECF 52.  The Court

5  preliminarily approved the Settlement Agreement on February 11, 2025.  ECF 50.

6  Since then, Notice was provided to the Class Members.  No Class Members have

7  opted out of the Settlement, and no Class Members have objected to the

8  Settlement.

9       This Motion is based on this notice of motion; the memorandum in support

10 of the unopposed motion; the Declaration of Luis L. Lozada ("Lozada Decl.")

11 [ECF 52]; the Declaration of Dana Boub for RG2 Claims Administration LLC

12 ("RG2 Decl."); the Court's record of this action; all matters of which the Court

13 may take notice; and any oral evidence presented at the final approval hearing on

14 the motion.

15 Dated: May 12, 2025           Respectfully Submitted,

16                         MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND

17                         */s/ Eduardo Casas*

18                         Eduardo Casas
Luis L. Lozada

19                         Kathia Quiros
GWP IMMIGRATION LAW

20

21                         *Attorneys for Plaintiff and the Proposed Class*

# **TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION…………………………………………………………..1-3

II.  RELEVANT BACKGROUND………………………………….…………3-9

A. Settlement Negotiations and Preliminary Approval………………………4

B. Settlement Overview…………………………………………………...5-6

*1. Corrective Action*…………………………………………………..5

*2. Monetary Relief*………………………………………………….5-6

C. The Settlement Class…………………………………………………………6

D. Notice and Individual Payments ……………………………………...7-8

E. CAFA Notice Requirements Were Satisfied…………………………..8-9

III. ARGUMENT…………………………………………………………9-23

A. The Best Practicable Notice of Settlement Has Been Provided to the Class……………………………………………………………9-11

B. Final Certification of the Rule 23 Class is Proper………………………..11

C. Final Approval of the Class Action Settlement Should Be Granted Because the Settlement is Fair, Adequate, and Reasonable Under Rule 23……...11-23

*1. Plaintiff Faced Substantial Obstacles to Recovery…..……………*13-14

*2. The Risk, Expense, Complexity, and Delay of Further Litigation Support Final Approval*…………………………………………………14-16

*3. Plaintiff Faced a Risk that the Court Would Deny Class Certification*………………………………………………….............16

*4. The Settlement Amount is Appropriate*……………………………..16-18

*5. The Extent of Discovery Supports Settlement*………………………18-19

*6. Class Counsel's Experience and Views Support Approval*………...19-20

*7. Class Members Have Reacted Positively to the Settlement*………..20-21

- i -

*8. The Requirements for Approval under Rule 23(e)(2) Are Met*……..21-23

IV. CONCLUSION………………………………………………………..23

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1

# TABLE OF AUTHORITIES

2

Cases                                                                              Page(s)

3

*Betancourt v. Advantage Human Resourcing, Inc.*,
  2016 WL 344532 (N.D. Cal. Jan. 28, 2016) ......................................................14
*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) .................................................................19
*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) .........................................................................9
*Chun-Hoon v. McKee Foods Corps.*,
  716 F.Supp.2d 848 (N.D. Cal. 2010) ..............................................................14
*Churchill Village, LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ...........................................................................9
*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ...................................................................11, 15
*Cotter v. Lyft, Inc.*,
  176 F.Supp.3d 930 (N.D. Cal. 2016) ..........................................................13, 17
*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) .........................................................................................9
*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980) .......................................................................19
*Fernandez v. Victoria Secret Store*, LLC,
  2008 WL 8150856 (C.D. Cal. July 21, 2008) ...............................................22
*Ford v. CEC Entm't Inc.*,
  2015 WL 11439033 (S.D. Cal. Dec. 14, 2015) ...............................................10
*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .............................................................12, 13, 20
*In re Cendant Litig.*,
  264 F.3d 201 (3rd Cir. 2001) ..........................................................................15
*In re Lorazepam*,
  205 F.R.D. 369 (D.D.C. 2002) .......................................................................22
*In re Mego Fin. Corp.*,
  213 F.3d 454 (9th Cir. 2000) .....................................................................14, 18
*In re Omnivision Techs., Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. 2008) ...........................................................11
*In re Pac. Enters. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) ............................................................................19
*In re Warfarin Sodium Antitrust Litig.*,
  212 F.R.D. 231 (D. Del. 2002) .......................................................................14

- iii -

*Linney v. Cellular Alaska P'ship,*
    151 F.3d 1234 (9th Cir. 1998) ...............................................................18

*Lopez-Valenzuela v. Maricopa County,*
    2015 WL 12811366 (D. Ariz. June 25, 2015) ....................................21

*Mullins v. Direct Digital, LLC,*
    795 F.3d 654 (7th Cir. 2015) ...............................................................10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
    221 F.R.D. 523 (C.D. Cal. 2004) ..................................................Passim

*Officers for Justices v. Civil Serv. Com'n of City & Cty. of S.F.,*
    668 F.2d 615 (9th Cir. 1982) .........................................................17, 18

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ...............................................................13

*Roes, 1-2 v. SFBSC Mgmt., LLC,*
    944 F.3d 1035 (9th Cir. 2019) .............................................................13

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ...............................................................12

*Tumampos v. Cathay Pac. Airways LTD.,*
    2018 WL 5603702 (N.D. Cal. Sept. 21, 2018) ..................................16

*United States v. Armour & Co.,*
    402 U.S. 673 (1971) .............................................................................17

*Valdez v. Neil Jones Food Co.,*
    2016 WL 4247911 (E.D. Cal. Aug. 10, 2016) ...................................12

*Van Bronkhorst v. Safeco Corp.,*
    529 F.2d 943 (9th Cir. 1976) ........................................................11, 15

Statutes

28 U.S.C. § 1715(d) ..................................................................................7

42 U.S.C. § 1981 ......................................................................................1

Rules

Fed. R. Civ. P. 23 .....................................................................................8

Fed. R. Civ. P. 23(a) ................................................................................9

Fed. R. Civ. P. 23(b)(3) ...........................................................................8

Fed. R. Civ. P. 23(c)(2)(B) ......................................................................9

- iv -

Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi) ............................................................................10

Fed. R. Civ. P. 23(e)(1)(B) ........................................................................................9

Fed. R. Civ. P. 23(e)(2)(A) ......................................................................................21

Fed. R. Civ. P. 23(e)(2)(B) ......................................................................................21

Fed. R. Civ. P. 23(e)(2)(C) ......................................................................................23

Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv) ...........................................................................13

Fed. R. Civ. P. 23(e)(2) ....................................................................................12, 21

Other Authorities

4 A. Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th ed. 2002) .........................................................................................................................12

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**        Case No: 2:22-cv-01563-GMN-BNW

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION

## I.  INTRODUCTION

Plaintiff Jorge Hernandez Castro ("Plaintiff"), individually and as class representative on behalf of the Class, respectfully requests final approval of this Settlement of the claims brought against Defendant One Nevada Credit Union ("One Nevada") by a class of individuals who were previously ineligible for financial products because of their lack of U.S. citizenship and/or their immigration status.  Plaintiff's Complaint alleges that One Nevada's prior policies violated 42 U.S.C. § 1981 ("Section 1981").  *See* ECF 1.  Plaintiff filed this case so that he and others similarly situated could have the opportunity to apply and be considered for financial products based on considerations applicable to all other applicants, not solely based on their alienage and/or immigration status.

This Settlement, of which Plaintiff respectfully seeks final approval, addresses the precise policy underlying Plaintiff's claims of discrimination.  One Nevada has agreed not to deny financial products to applicants solely because they provide a "For Work Only" social security number, fully eliminating the harm challenged by the lawsuit for future applicants.  The Settlement also provides for monetary relief in the form of a Settlement Fund in the amount of $76,000 for Class Members.  Subject to Court Approval, One Nevada also has agreed to pay attorneys' fees, costs of litigation incurred by Plaintiff's counsel, and a service

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

award for Plaintiff.  One Nevada has agreed not to oppose an application for attorneys' fees and costs up to $21,229, and a service award of up to $5,000. Plaintiff seeks approval of an award of attorneys' fees in the amount of $20,119, an award of costs in the amount of $1,110, and $5,000 service award to Plaintiff.  One Nevada has also agreed to pay the cost of settlement administration, which will be up to $9,771.  *See* ECF 49-2, Settlement Agreement and Release ("SA") § 11(d)(iii).

The Settlement, which the Court preliminarily approved on February 11, 2025, was reached after more than several months of extensive negotiation, and has received a positive response from the Class.  Starting March 14, 2025, the Settlement Administrator sent notices to Class Members.  RG2 Decl. ¶ 6.  After conducting a skip-trace, none of the notices remain undeliverable.  *Id.* at ¶ 7.  No Class Members have submitted an exclusion or objection.  *Id.* at ¶¶ 8, 9.

This Settlement provides monetary relief to Class Members and is the product of diligent efforts of Class Counsel to obtain the best possible result for the Class.  The Settlement is fair, adequate, and reasonable, and provides excellent relief to the Class.  Significantly, there are no objections to the settlement.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1  proposed class settlement action are favorable to the class members.").  Therefore,

2  Plaintiff respectfully requests that the Court confirm as final the certification of the

3  Class, and enter an order granting final approval of the Settlement; award of

4  attorneys' fees and costs; settlement administration costs; and service award.

5  ## II. RELEVANT BACKGROUND

6      As described in Plaintiff's Unopposed Motion for Preliminary Settlement

7  Approval [ECF 49], and Plaintiff's Unopposed Motion for Attorneys' Fees, Costs,

8  and Service Award [ECF 52], Class Counsel has dedicated time and resources to

9  this contested litigation and has engaged in good faith, arms-length settlement

10  negotiations, resulting in significant relief to the Class.[1]  *See* ECF 49-1,

11  Declaration of Luis Lozada ("Lozada Decl.") ¶¶ 16–18.  The Settlement achieved

12  by Class Counsel is procedurally sound: (a) having been reached after more than

13  several months of good faith, arms-length negotiation; (b) with no parallel

14  litigation that could give rise to concerns regarding the settlement; and (c) notice of

15  settlement in accordance with the Court's Preliminary Approval Order.  *See* ECF

16  52-1, Lozada Decl. ¶¶ 13–19.

17  **A. Settlement Negotiations and Preliminary Approval**

18  _____

19  [1] A full discussion of the relevant factual and procedural background is set forth in
    Plaintiff's Unopposed Motion for Preliminary Approval [ECF 49], and Plaintiff's
20  Unopposed Motion for Approval of Attorneys' Fees, Costs, and Service Award
    [ECF 52].

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1    Over a period of several months, the Parties engaged in negotiations and

2  exchanged informal discovery.  The Parties exchanged multiple offers and counter-

3  offers over this period, during which they reached a tentative agreement on the

4  material terms of a settlement, and thereafter the Parties filed a Notice of

5  Settlement and vacated all dates and deadlines pending the motion for preliminary

6  approval.  ECF 43.

7    Following the notice of settlement, the Parties spent the next several months

8  diligently negotiating the specific terms of the Settlement Agreement and

9  accompanying notice documents.  *See* Lozada Decl. ¶¶ 13–19.  One Nevada agreed

10  not to oppose an application for attorneys' fees and costs up to $21,229.  Fees and

11  costs will not be paid out of the Settlement Fund.  *See id.* at ¶ 25.

12    To effectuate the Settlement, Class Counsel retained RG2 as settlement

13  administrator.  Class Counsel then drafted and filed the preliminary approval brief,

14  and the accompanying notice documents: long- and short-form notices, and

15  Spanish and English instructions.  ECF 49, 49-1 to 49-4. The Court granted

16  preliminary approval on February 11, 2025.  ECF 50.

17    **B. Settlement Overview**

18    ***1. Corrective action***

19    The most significant aspect of the Settlement that Plaintiff was able to

20  achieve is that One Nevada has modified its policies and will no longer deny

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**          Case No: 2:22-cv-01563-GMN-BNW

applicants financial products on the basis of an applicant's provision of a "For Work Only" social security number, and such applicants will be evaluated on the same terms as U.S. citizen applicants (the "Corrective Action").  *See* SA § 2.  By updating these requirements, this policy change eliminates the precise harm that Plaintiff challenged through this suit.  One Nevada is a large credit union that serves customers across Nevada. Plaintiff expects that these changes will have a broader positive impact in the United States.

### 2. *Monetary relief*

In addition to Corrective Action, One Nevada has agreed to create a Settlement Fund of $76,000 that will cover individual payments to the 38 Class Members and pay a Service Award in the total amount of $5,000.  SA §§ 1(i), (p), (v) and 11(d)(ii).  In addition to the Settlement Fund, One Nevada has further agreed to pay Class Counsel's attorneys' fees and costs, subject to Court approval. Plaintiff is applying for an award of fees and costs in the amount of $21,229. Plaintiff is also applying for a service award in the amount of $5,000 and seeks approval of an order permitting One Nevada to pay up to $9,771in settlement administration expenses to RG2.  *See* SA § 11(d)(iii).

The notice plan was reasonably calculated to give notice to Class Members and meets the requirements of due process.  On March 14, 2025, RG2 sent notices to the 38 Class Members.  RG2 Decl. ¶ 6.  One of the mailed notices was returned

1  as undeliverable.  *Id.* at ¶ 7.  RG2 conducted a skip-trace and mailed the remaining

2  notice to the updated address.  *Id.*  None of the notices remain undeliverable.  *Id.* at

3  ¶¶ 6, 7.  The deadline to opt-out or object to the Settlement was April 28, 2025.  *Id.*

4  at ¶¶ 8, 9.  RG2 has not received any exclusion or objection.  *Id.*  Each Class

5  Member will receive $2,000. SA § 11(d)(iv).

6  **C. The Settlement Class**

7  On February 11, 2025, the Court preliminarily approved certification of the

8  proposed Settlement Class, defined as follows:

9  - "the 38 individuals who, according to Defendant's records: (i)
10  applied for a financial product from January 1, 2020 through the
   date on which the Court grants preliminary approval; (ii) were
11  residing in any state in the United States at the time they applied;
   and (iii) were denied full and equal consideration for such financial
12  product solely because of their immigration or citizenship status at
   the time they applied."

13  SA § 1(e); ECF 50.  Consistent with the Court's order granting preliminary

14  certification, Plaintiff seeks final certification of the Class.

15  **D. Notice and Individual Payments**

16  The Parties have followed the Court-approved notice plan, as set forth in the

17  Settlement Agreement, and the Court's Preliminary Approval Order entered on

18  February 11, 2025.  *See* SA § 5; ECF 50.

19  On March 13, 2025, One Nevada sent RG2 the Settlement Class List

20  consisting of 38 individuals.  RG2 Decl. ¶ 4.  The list contained each Class

21

Member's name, last known address, and social security number. *Id*. RG2 reviewed the records and ran the mailing file through the U.S. Postal Service's National Change of Address Database. *Id*. at ¶ 5.

Beginning on March 14, 2025, RG2 mailed the Court-approved notice packet to all 38 Class Members via USPS first-class mail. RG2 Decl. ¶ 6. The Notice Packet consisted of the Notice, and English and Spanish instructions. *Id*. Of these mailed Notice Packets, one was returned as undeliverable. *Id*. at ¶ 7. RG2 performed a skip-trace and identified an updated address for the remaining undeliverable notice. *Id*. RG2 successfully re-mailed the Notice to the remaining Class Member. *Id*. Thus, 100% of Class Members received the Notice Packet. *Id*. at ¶ 6, 7.

Consistent with best practices, RG2 maintained a website containing downloadable versions of the Long- and Short-Form Notices in English and Spanish, Settlement Agreement, Preliminary Approval Order, and brief summary of the Settlement. RG2 Decl. ¶ 11. The website has a "Contact Us" page that provides the mailing address, phone number and email address to contact RG2 and Class Counsel. *Id*. RG2 also created a toll-free number to speak with a live bilingual operator. *Id*. at ¶ 10. Class Members may leave a message for RG2 to call them back through an automated Spanish recording. *Id*.

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1    The Settlement does not require Class Members to submit a claim or take

2  any action to collect the individual payments under the Settlement. *See* SA §

3  11(d)(iv). Within 10 days of the Effective Date, the Settlement Administrator will

4  mail a check in the amount of $2,000 to each Class Member, and all checks must

5  be cashed within 120 days after the Settlement Administrator issued the checks.

6  *Id.*

7    All Class Members have received the Notice Packet. RG2 Decl. at ¶¶ 6, 7.

8  The deadline to opt out or object to the Settlement was April 28, 2025. *Id.* at ¶¶ 8,

9  9. RG2 has not received any exclusion or objection. *Id.* The Effective Date is 30

10  days after the entry of the Final Approval Order. SA § 1(g).

11    **E. CAFA Notice Requirements Were Satisfied**

12    In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C.

13  §1715, RG2 served CAFA notices to the to the United States Attorney General,

14  the applicable State Attorneys General and the National Credit Union

15  Administration on February 13, 2025. RG2 Decl. ¶ 2. The Final Approval

16  Hearing, set for May 28, 2025, is being held more than 90 days after the issuance

17  of the CAFA notice; thus, the final approval order may be entered in accordance

18  with CAFA's notice requirements if the Court finds that all other requirements are

19  met. 28 U.S.C. § 1715(d).

20

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1

### III.    ARGUMENT

2

**A. The Class Has Been Provided the Best Practicable Settlement Notice**

3       The notice here was the "best notice that is practicable under the

4  circumstances," Fed. R. Civ. P. 23(c)(2)(B), and was provided "in a reasonable

5  manner to all class members who would be bound by the proposal."  Fed. R. Civ.

6  P. 23(e)(1)(B).  Notice is satisfactory "if it generally describes the terms of the

7  settlement in sufficient detail to alert those with adverse viewpoints to investigate

8  and to come forward and be heard."  *Churchill Village, LLC v. Gen. Elec.*, 361

9  F.3d 566, 575 (9th Cir. 2004) (internal citation and quotation marks omitted).

10  Notice mailed to each class member "who can be identified through reasonable

11  effort" constitutes reasonable notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156,

12  157 (1974).  "'[T]he rule does not insist on actual notice to all class members in all

13  cases' and 'recognizes it might be impossible to identify some class members for

14  purposes of actual notice.'"  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129

15  (9th Cir. 2017) (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th

16  Cir. 2015)).  For any class certified under Rule 23(b)(3), the notice must inform

17  class members "that the court will exclude from the class any member who

18  requests exclusion," stating "the time and manner for requesting exclusion."  Fed.

19  R. Civ. P. 23(c)(2)(B)(v)-(vi).

20

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**       Case No: 2:22-cv-01563-GMN-BNW

1    As described above, the mailing of Notices to Class Members and the

2    administration of the notice process ensured that the best notice practicable was

3    provided to Class Members.  The Notice List was developed from a database of

4    One Nevada applicants who were denied financial products based on their alienage

5    or immigration status.  *See* RG2 Decl. ¶ 4.  The Notice was easily understandable

6    and available in English and Spanish, and included contact information of Class

7    Counsel, the address for the settlement administration website, and instruction on

8    how to access the settlement website.

9    The Parties and the Settlement Administrator have complied with the Court-

10    approved notice plan, as set forth in the Settlement Agreement, and the Court's

11    Preliminary Approval Order.  *See* SA § 5; ECF 50.  Because Class Members have

12    been given a full and fair opportunity to consider the terms of the proposed

13    Settlement and make an informed decision on whether to participate, the Notice

14    was adequate and the best practicable.  *See Ford v. CEC Entm't Inc.*, No. 14-CV-

15    677, 2015 WL 11439033, at *3 (S.D. Cal. Dec. 14, 2015) (finding notice standards

16    satisfied when claims administrator provided notice in accordance with the

17    procedures previously approved by the court in its preliminary approval order). *See*

18    *also Sinanyan v. Luxury Suites Int'l, LLC*, No. 215CV00225GMNVCF, 2018 WL

19    813864, at *5 (D. Nev. Feb. 8, 2018).

20    **B. Final Certification of the Rule 23 Class is Proper**

21

- 10 -

At the preliminary approval stage, the Court preliminarily certified the Settlement Class under Rule 23(a) and 23(b)(3).  ECF 50.  The Court also preliminarily appointed Plaintiff as Class Representative, and preliminarily appointed Plaintiff's counsel, MALDEF, as Class Counsel.  *See id.*

For the reasons outlined in Plaintiff's Unopposed Motion for Preliminary Approval and the Court's Preliminary Approval Order, the Class, Class Representative, and Class Counsel satisfy the requirements under Rule 23 for settlement purposes. *See* ECF 49, 50.  Plaintiff respectfully requests that the Court's preliminary certification decision be confirmed as final.

## C. The Settlement is Fair, Adequate, and Reasonable Under Rule 23

At the outset, public policy strongly favors the resolution of litigation through settlement.  This is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (footnote omitted); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned"); *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1041 (N.D. Cal. 2008) ("[T]he court must also be mindful of the Ninth Circuit's policy favoring settlement, particularly in class action law suits.").  Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Valdez v. Neil Jones Food Co.*, No. 1:13-cv-00519, 2016 WL

- 11 -

1  4247911, at \*7 (E.D. Cal. Aug. 10, 2016) (quoting 4 A. Conte & H. Newberg,

2  Newberg on Class Actions, § 11:50 at 155 (4th ed. 2002)).

3       The touchstone for the final approval inquiry is whether the settlement is

4  "fair, adequate and reasonable," recognizing that "it is the settlement taken as a

5  whole, rather than the individual component parts, that must be examined for

6  overall fairness." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting

7  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal quotation

8  marks and alternations omitted)).  Under Fed. R. Civ. P. 23(e)(2), a court must

9  consider "(A) the class representatives and class counsel have adequately

10  represented the class; (B) the proposal was negotiated at arms' length; (C) the

11  relief provided for the class is adequate … [and] (D) the proposal treats class

12  members equitably to each other."  In analyzing whether class relief is adequate,

13  courts must consider the costs, risks, and delay of trial and appeal; the method of

14  processing class member claims and distributing relief; the terms of any attorneys'

15  fee awards; and any agreement made in connection with the settlement proposal.

16  Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv); 23(e)(3).

17       This standard overlaps with the requirements set forth in *Hanlon v. Chrysler*

18  *Corp.*, which requires courts to balance the following factors in assessing a class

19  action settlement proposal:

20         [1] the strength of the plaintiffs' case; [2] the risk, expense,
       complexity, and likely duration of further litigation; [3] the risk of

21

1
2
3

maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

4  *Hanlon*, 150 F.3d at 1026; *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948,

5  963 (9th Cir. 2009) (same).  The inquiry required upon settlement is "heightened"

6  where a case is settled prior to formal class certification.  *See Roes, 1-2 v. SFBSC*

7  *Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019).  Here, the *Hanlon* factors weigh

8  in favor of granting final approval.

9      ***1.  Plaintiff Faced Substantial Obstacles to Recovery***

10     Plaintiff and Class Counsel balanced "plaintiff's expected recovery […]

11 against the value of the settlement offer," taking into account "the relative

12 strengths and weaknesses of the plaintiffs' case."  *Cotter v. Lyft, Inc.*, 176

13 F.Supp.3d 930, 935 (N.D. Cal. 2016) (internal citation and quotation marks

14 omitted).  "Approval of a class settlement is appropriate when 'there are significant

15 barriers plaintiffs must overcome in making their case.'"  *Betancourt v. Advantage*

16 *Human Resourcing, Inc.*, No. 14-cv-01788, 2016 WL 344532, at *4 (N.D. Cal. Jan.

17 28, 2016) (quoting *Chun-Hoon v. McKee Foods Corps.*, 716 F.Supp.2d 848, 851

18 (N.D. Cal. 2010)).

19     Here, while Plaintiff believes that he can prevail on all issues and recover

20 full damages and relief for himself and on behalf of the class he represents, he

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

would have to certify a class by successfully overcoming One Nevada's anticipated

opposition to class certification, prevail on dispositive motions, and prevail at trial.

The risk here is significant because Plaintiff's claims raised a relatively novel

theory with numerous unsettled issues.  In addition, One Nevada may argue that it

did not have a uniform policy of denying financial products to DACA recipients

and other immigrants, argue that many members of the putative class may have

been ineligible for financial products for reasons other than alienage or

immigration status, or argue that its underwriting policies are justified because of

applicants' non-permanent U.S. resident status.  In light of these obstacles, the

Settlement offers excellent value to Class Members.

### 2. The Risk, Expense, Complexity, and Delay of Further Litigation Support Final Approval

The risk, expense, complexity and duration of continued litigation favor

settlement.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir.

2000).  Courts consider "the probable costs, in both time and money, of continued

litigation."  *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 254 (D. Del.

2002) (quoting *In re Cendant Litig.*, 264 F.3d 201, 233 (3rd Cir. 2001)).  In most

cases, "unless the settlement is clearly inadequate, its acceptance and approval are

preferable to lengthy and expensive litigation with uncertain results."  *DIRECTV*,

221 F.R.D. at 526.  According to the Ninth Circuit, "there is an overriding public

interest in settling and quieting litigation […] particularly […] in class action suits

- 14 -

1  which are now an ever increasing burden to so many federal courts and which

2  frequently present serious problems of management and expense." *Van*

3  *Bronkhorst*, 529 F.2d at 950.

4       Here, absent settlement, final resolution of this case would take years and

5  would require significant expenditure of resources.  Such a delay would likely

6  increase the number of Class Members who would be untraceable.  Settlement

7  saves Class Members from the significant risk of no recovery, the cost of

8  individual litigation, and the delay inherent in further litigation and possible

9  appeals.  Plaintiff's claims in this action are highly complex, both procedurally and

10  substantively.  Settling Class Members' claims saves the Parties from completing

11  briefing on class certification and motion practice, as well as going to trial.  For

12  these reasons, the law favors settlements, especially when complex class litigation

13  is concerned.  *See Class Plaintiffs*, 955 F.2d at 1276 (describing the "strong

14  judicial policy that favors settlements, particularly where complex class action

15  litigation is concerned.").  This principle is particularly true, where, as here,

16  Plaintiff's claims present "novel legal questions." *Tumampos v. Cathay Pac.*

17  *Airways LTD.*, No. 16-CV-06208, 2018 WL 5603702, at *5 (N.D. Cal. Sept. 21,

18  2018).  Litigation of Plaintiff's claims would come with substantial risks involving

19  certification issues, liability, prevailing at trial, and collecting any significant

20  recovery.

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

### 3.  Plaintiff Faced a Risk that the Court Would Deny Class Certification

As noted above, Plaintiff would have risked an adverse decision had this action proceeded to the class-certification stage.  Although Plaintiff believes that this case is well-suited for resolution on a class-wide basis because it involves One Nevada's uniform policy of denying financial products to applicants solely on the basis of their alienage and/or immigration status, One Nevada was likely to argue that individual issues predominate over questions that are common to the class, and that the ability to make exceptions to its uniform policy defeat commonality. Further, One Nevada might have argued that Class Members' claims cannot be tried collectively based on individualized differences in their applications to prevent a finding of predominance. Resolving these issues would require extensive factual determinations and motion practice.

### 4.  The Settlement Amount is Appropriate

"[P]erhaps the most important factor" courts consider in determining whether to grant approval is "plaintiffs' expected recovery balanced against the value of the settlement offer."  *Cotter*, 176 F.Supp.3d at 935 (internal quotation marks omitted).  The settlement amount, as with any settlement, represents a compromise between receiving full damages and other relief on the one hand, and total defeat on the other.  "Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties

1  each give up something they might have won had they proceeded with litigation."

2  *Officers for Justices v. Civil Serv. Com'n of City & Cty. of S.F.*, 668 F.2d 615, 624

3  (9th Cir. 1982) (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681–82

4  (1971)).   Given the risks and complexity of this litigation, and the cost savings

5  obtained through settlement, the settlement amount is fair and adequate.   The

6  monetary and corrective action provides excellent value for Class Members.

7      Class Members will receive $2,000 per denial, which is a significant

8  recovery considering that Section 1981 does not provide for minimum statutory

9  damages and Class Counsel may have faced difficulties modeling economic

10  damages.   In light of the risks of an adverse judgement on the merits, class

11  certification or appeal, these payments provide an excellent value to Class

12  Members.

13      Plaintiff also obtained the maximum degree of Corrective Action that Class

14  Members could possibly obtain, which entirely eliminates any future harm.   One

15  Nevada has agreed to change its underwriting policy and no longer deny applicants

16  financial products solely on the basis of their alienage or immigration status.

17  Similarly situated immigrants across Nevada—not just Class Members—will

18  potentially benefit from this Corrective Action, enabling hundreds of individuals to

19  apply for financial products with One Nevada.   The Settlement represents an

20  excellent result, as even "a cash settlement amounting to only a fraction of the

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1    potential recovery will not per se render the settlement inadequate or unfair […]

2    where monetary relief is but one form of the relief requested by the plaintiffs."

3    *Officers for Justice*, 688 F.2d at 628.

4        The Parties have additionally agreed that TheDream.US and Immigrants

5    Rising should be designated as *cy pres* recipients and receive equal shares of any

6    unclaimed funds[2]. Accordingly, the Settlement amount and corrective action

7    strongly favors granting final approval.

8        **5.  *The Extent of Discovery Supports Settlement***

9        A settlement requires adequate discovery.  The touchstone of the analysis is

10   whether "the parties have sufficient information to make an informed decision

11   about settlement," including formal and informal discovery.  *In re Mego*, 213 F.3d

12   at 459 (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir.

13   1998)).  Here, Plaintiff has pursued these claims diligently for years, conducting

14   informal and confirmatory discovery.  The discovery exchanges reached a stage

15   where Plaintiff and Class Counsel could make an intelligent evaluation of the

16   litigation risks and benefits of settlement.  Therefore, the settlement results from

17

18   _____

19   [2] TheDream.US is the nation's largest college and career success program for
     undocumented immigrants and has provided more than 10,000 scholarships to
     DACA recipients.  Immigrant Rising transforms the lives of undocumented people
20   through college scholarships and resources, as well as career counseling. Both
     organizations will serve Class Members and similarly-situated individuals, and the
     interests of the Class.

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**          Case No: 2:22-cv-01563-GMN-BNW

1  Class Counsel's informed judgment about the strengths and weaknesses of the

2  claims.

3  **_6. Class Counsel's Experience and Views Support Approval_**

4  "The recommendations of plaintiffs' counsel should be given a presumption

5  of reasonableness."  *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal.

6  1979).  "Great weight is accorded to the recommendation of counsel, who are most

7  closely acquainted with the facts of the underlying litigation."  *See DIRECTV*, 221

8  F.R.D. at 528 (citation and internal quotation marks omitted).   "[P]arties

9  represented by competent counsel are better positioned than courts to produce a

10  settlement that fairly reflects each party's expected outcome in litigation."

11  *Rodriguez*, 563 F.3d at 967 (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373,

12  378 (9th Cir. 1995)); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D.

13  Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the

14  settlement after hard-fought negotiations is entitled to considerable weight.").

15  Here, Class Counsel endorse the Settlement as fair, adequate, and

16  reasonable.  Class Counsel is experienced and capable of handling complex federal

17  civil ligation, with extensive experience in prosecuting and litigating civil rights

18  actions.  Lozada Decl. ¶¶ 5–10.  Based on their experience and weighing all of the

19  above factors, Class Counsel concluded that the settlement is a favorable result that

20  is in the best interest of Class Members.

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

### *7. Class Members Have Reacted Positively to the Settlement*

Class Members have reacted very positively to the Settlement. One Nevada sent a Settlement Class List consisting of 38 identified Class Members to RG2. *See* RG2 Decl. ¶ 4. After conducting a skip-trace, none of the Notices have remain undeliverable. *Id.* at. ¶¶ 6, 7.

No Class Members have opted out of the Settlement, and none have objected to any part of the Settlement, including the overall monetary relief achieved and the amounts allocated to attorneys' fees and costs, and service award. RG2 Decl. ¶¶ 8, 9. The lack of objections and opt-outs is a strong positive reaction, favoring a finding that the Settlement is fair and should be approved. *See DIRECTV*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). "Settlement is the offspring of compromise; the question [courts] address is not whether the final product could be prettier, smarter, or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027. Here, "the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Id.* Accordingly, the Court should grant final approval.

**8. The Requirements for Approval under Rule 23(e)(2) Are Met**

As noted above, Fed. R. Civ. P. 23(e)(2) specifies several requirements for approval of a class action settlement. Plaintiff has met each of those requirements.

First, the Class Representative and Class Counsel must have adequately represented the Class. Fed. R. Civ. P. 23(e)(2)(A). As set forth in greater detail in the Unopposed Motion for Preliminary Approval and Unopposed Motion for Fees and Costs, this requirement has been met. *See* ECF 49, 52. The Class Representative has the same interests as other Class Members, and has devoted significant time advocating on behalf of the Class. *See* ECF 52. As noted above, Class Counsel are highly experienced and well-regarded in the field of class-action civil rights litigation. *See* Lozada Decl. ¶¶ 5–10; *see also Lopez-Valenzuela v. Maricopa County*, No. 08-cv-00660, 2015 WL 12811366, at *3 (D. Ariz. June 25, 2015) (noting MALDEF's "special expertise and experience in the areas of civil rights and immigration law.").

Second, the Settlement was negotiated at arms-length. Fed. R. Civ. P. 23(e)(2)(B). A settlement reached "in good faith after a well-informed arms-length negotiation" is presumed to be fair. *Fernandez v. Victoria Secret Store*, LLC, No. 06-cv-04149, 2008 WL 8150856, at *4 (C.D. Cal. July 21, 2008); *In re Lorazepam*, 205 F.R.D. 369, 375–76 (D.D.C. 2002) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1   length negotiations.") (internal quotation marks omitted).  After the Parties reached

2   an agreement in principle, the Parties continued discussions to finalize the

3   Settlement Agreement.  Lozada Decl. ¶¶ 15-17.  Significantly, the Parties did not

4   negotiate attorneys' fees and costs beyond Class Counsel offering to reduce fees

5   sought in exchange for greater compensation for Class Members.  Lozada Decl. ¶

6   16.  The Parties continued in settlement discussions to finalize details regarding the

7   Settlement Agreement, including the source of funds for payments to Class

8   Members and administration costs to effectuate the Settlement.  Lozada Decl. ¶ 16.

9   Defendant agreed to pay all costs, including attorneys' fees and costs, separate

10  from the Settlement Fund.  *Id.*  This is precisely the type of "an arms-length, non-

11  collusive, negotiated resolution" in which Ninth Circuit courts place "a good deal

12  of stock."  *Rodriguez*, 563 F.3d at 965.  The Settlement Agreement is the result of

13  arms-length negotiations between experienced Class Counsel and counsel for One

14  Nevada.  There is nothing in the negotiations or the substance of the Settlement

15  Agreement to doubt its fairness.

16       Third, as discussed in greater detail above, the relief provided by the

17  Settlement is adequate, particularly considering the untested nature of Plaintiff's

18  claims.  Fed. R. Civ. P. 23(e)(2)(C).  Settlement checks will be distributed to Class

19  Members without submitting a claim, or taking any action regarding Claim Forms,

20  within 10 days of the Effective Date, and Class Members will have 120 days from

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**      Case No: 2:22-cv-01563-GMN-BNW

1    the date of issuance to cash their checks.  SA §§ 11.  Attorneys' fees and costs, as

2    awarded by the Court, will be paid to the Settlement Administrator 10 days after

3    the Effective Date, to be distributed to Class Counsel in accordance with the

4    Settlement Agreement. *Id.* at § 11(d)(i).

5                              **IV.    CONCLUSION**

6          For the foregoing reasons, and the reasons set forth in Plaintiff's Unopposed

7    Motion for Preliminary Approval and Plaintiff's Unopposed Motion for Approval

8    of Attorneys' Fees, Costs, and Service Award, Plaintiff respectfully requests that

9    the Court grant Final Approval of the Settlement, grant final certification of the

10   Class, designate Plaintiff Hernandez Castro as Class Representative, and confirm

11   MALDEF as Class Counsel.

12

13   Dated: May 12, 2025              Respectfully Submitted,

14                                    MEXICAN AMERICAN LEGAL DEFENSE
                                      AND EDUCATIONAL FUND

15                                    */s/ Eduardo Casas*
                                      Eduardo Casas
16                                    Luis L. Lozada

17                                    Kathia Quiros
                                      GWP IMMIGRATION LAW
18
                                      *Attorneys for Plaintiff and the Proposed Class*
19

20

21
                                         - 23 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

**IT IS SO ORDERED:**

_____

UNITED STATES DISTRICT JUDGE

DATED: _____

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:22-cv-01563-GMN-BNW

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on May 12, 2025, I electronically submitted the

3 foregoing PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION

4 FOR FINAL APPROVAL OF CLASS SETTLEMENT to the office of the Clerk

5 of the United States District Court for the District of Nevada for filing and

6 transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

7

8 Robert E. Schumacher
Gordon Rees Scully Mansukhani LLP
rschumacher@grsm.com

9

10

11 Dated: May 12, 2025                Respectfully Submitted,

12                                    MEXICAN AMERICAN LEGAL DEFENSE
                                       AND EDUCATIONAL FUND

13                                    */s/ Eduardo Casas*
                                       Eduardo Casas

14                                    Luis L. Lozada

15                                    Kathia Quiros
                                       GWP IMMIGRATION LAW

16

17                                    *Attorneys for Plaintiff and the Proposed Class*

18

19

20

21

- 25 -