-1-

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JORGE HERNANDEZ CASTRO, an individual, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>ONE NEVADA CREDIT UNION,<br><br>                Defendant. | Case No: 2:22-cv-01563-GMN-BNW<br><br>**FINAL JUDGMENT AND FINAL APPROVAL ORDER**<br><br>Hon. Gloria M. Navarro<br>Hearing Date: May 28, 2025<br>Hearing Time: 9:00 A.M.<br>Location: Las Vegas |

1

2    This matter came before the Court for hearing on Plaintiff's Unopposed Motion for
3    Final Approval of Class Settlement and Plaintiff's Unopposed Motion for Approval of
4    Attorneys' Fees, Costs and Service Award.  On February 11, 2025 [ECF 50], the Court
5    issued an Order preliminarily approving the Settlement Agreement and Release, dated
6    February 5, 2025 (the "Agreement") [ECF 49-2], between Plaintiff Hernandez Castro, (the
7    "Class Representative"), individually and as class representative on behalf of the Class,
8    and Defendant One Nevada Credit Union (collectively, the "Parties").  The February 11,
9    2025 Order also preliminarily certified the Class for settlement purposes, approved the
10   procedure for giving Class Notice to the members of the Class, and set a Final Approval
11   Hearing to take place on May 28, 2025.

12   The Court has reviewed the papers filed in support of the Unopposed Motion for
13   Final Approval, including the Agreement and attached exhibits, memoranda and arguments
14   submitted on behalf of the Settlement Class, and supporting declarations.

15   On May 28, 2025, this Court held a Final Approval Hearing to consider: (1) whether
16   the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether
17   judgment should be entered dismissing the Settlement Class Members' Released Claims
18   on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees
19   and costs to Class Counsel; and (4) any award to the Class Representative for his
20   representation of the Class.  Based on the papers filed with the Court, and the presentations

made to the Court by the Parties at the Final Approval Hearing, the Court has determined that the Agreement is fair, adequate, and reasonable, and in the best interest of the Settlement Class.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**1. Definitions.** This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined here, shall have the same meanings as in the Agreement.

**2. Jurisdiction and Venue.** This Court has jurisdiction over the subject-matter of the Action and over all parties to the Action, including all members of the Class, and venue in this Court is proper.

**3. No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

**4. Settlement Class.** Under Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies the Action as a class action, with the Class defined as to the collective group of all persons making up the Class, defined as follows:

> "the 38 individuals who, according to Defendant's records: (i) applied for a financial product from January 1, 2020 through the date on which the Court grants preliminary approval; (ii) were residing in any state in the United States at the time they applied; and (iii) were denied full and equal consideration for

such financial product solely because of their immigration or citizenship status at the time they applied."

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative will fairly and adequately represent and protect the interests of the Class Members because his interests are co-extensive with those of the Class Members, and he has retained experienced counsel to represent him and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**5. Designation of Class Representative and Class Counsel**. The Court confirms the prior appointment of Plaintiff Hernandez Castro as Class Representative, and the counsel of record representing the Class Members in this Action as Class Counsel.

**6. Settlement Approval.** Under Federal Rule of Civil Procedure 23, this Court approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of good faith, arms-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the

Settlement embodied in the Agreement is finally approved in all respects, there is no just reason for delay, and the Parties are directed to perform its terms.

**7. Dismissal with Prejudice.** Final Judgment is entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed, and the case shall be closed under Paragraph 22 of this Order.

**8. Releases.** The releases as set forth in Section 13 of the Agreement together with the definitions in Section 1 relating to them are expressly incorporated here in all respects and made effective by operation of this Judgment. The Court approves the release provisions as contained and incorporated in Section 13 of the Agreement, including but not limited to the definitions in Section 1. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Defendant Releasees.

**9. Permanent Injunction.** The Releasors, including the Class Representative and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims. The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in

a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims.

**10. Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth here, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution. The Court also finds that all Class Members were given a full and fair opportunity to object, and all Class Members have had a full and fair opportunity to exclude themselves from the Class.

**11. No Objections.** The Court finds, as set forth in the Declaration of Dana Boub Regarding Settlement Administration, dated May 8, 2025, no objections to the Settlement have been filed by members of the Class and no members of the Class requested exclusion from the Class.

**12. Attorneys' Fees and Costs.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees and costs in the amount of $21,229. The Court has considered

this application separately from Plaintiffs' Unopposed Motion for Final Approval. The Court finds that an award of $21,229 in attorneys' fees and costs is fair and reasonable, and the Court approves of Class Counsel attorneys' fees and costs in this amount.

**13. Class Representative Incentive Award.** The Court further finds that the service award for Plaintiff Hernandez Castro in the amount of $5,000 is fair and reasonable, and the Court approves the service award in this amount. The Court directs the Settlement Administrator to disburse this award to Plaintiff Hernandez Castro.

**14. Settlement Administrator.** The Court appoints RG/2 Claims Administration LLC ("RG2 Claims" or the "Claims Administrator") as the Claims Administrator under the terms of the Agreement. All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid by Defendant. The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Agreement and shall comply with the terms of the Agreement.

**15. Final Report.** The Parties will file a Final Report with this Court documenting the disbursement of the Settlement Fund within ten (10) days of the checks sent to Class Members having gone stale. Within thirty (30) days after filing the Final Report with this Court the total amount of uncashed checks, and residual amounts held by the Claims Administrator at the time of the Final Report, shall be paid by the Claims Administrator to the designated *cy pres* recipients, TheDream.US and Immigrants Rising, in equal parts.

**16. Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of One Nevada. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

**17. Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose.

**18. Implementation of the Agreement.** The Parties are authorized to implement the terms of the Agreement.

**19. Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

**20. Class Action Fairness Act (CAFA) Notice.** One Nevada has provided timely notification through the settlement administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

**21. Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed.

**22. Action Closed.** The Clerk of the Court is directed to close the Action.

1 **IT IS SO ORDERED that Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, (ECF No. 53), and the Unopposed Motion for Attorney Fees, Costs, and Service Award (ECF No. 52) are GRANTED.**

**IT IS SO ORDERED.**

Dated: May 28, 2025

Hon. Gloria M. Navarro
UNITED STATES DISTRICT JUDGE